UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CELIA A. JARVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-cv-1917-WTL-DML |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Acting Commissioner of the Social Security Administration Carolyn W. Colvin's ("Commissioner") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction under 42 U.S.C. § 405(g), and 12(b)(6), for failure to state a claim. (Dkt. No. 12)  This motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

In *Jarvis v. Colvin*, No. 1:13-cv-1373-RLY-DKL (S.D. Ind. August 27, 2013) (*Jarvis I*), Plaintiff filed a complaint seeking judicial review of the Commissioner's final decision denying her application for disability insurance benefits.  On September 30, 2014, this Court issued a Judgment affirming the Commissioner's decision.  (*Jarvis I*, Dkt. No. 22)

In this cause of action, Plaintiff's Complaint again asks this Court to review and set aside the final decision of the Commissioner.  (Dkt. No. 1)  Plaintiff has not filed an application for disability insurance benefits following this Court's Judgment on September 30, 2014.  Therefore, there is no final decision of the Commissioner for the Court to review that it has not reviewed previously in *Jarvis I*.

Subject matter jurisdiction is vested in this Court to review claims arising under the Social Security Act in 42 U.S.C. § 405(g).  Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision."  Here, the Court does not have subject matter jurisdiction over Plaintiff's Complaint because there is no final decision of the Commissioner to be reviewed.

In Plaintiff's Motion of Appeal (Dkt. No. 15), she asks for "reconsideration of the motion to dismiss my case for disability with Social Security."  *See also* Plaintiff's Appeal of Dismissal (Dkt. No. 14) in which she asks this Court to "reconsider [her] case on this matter."  If Plaintiff is seeking review of this Court's September 30, 2014, Judgment, the only way to do that at this point is to file a motion under Federal Rule of Civil Procedure 60(b) in *Jarvis I*.  The Court notes, however, that Rule 60(b) relief is "'an extraordinary remedy and is granted only in exceptional circumstances.'"  *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).  *See also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70, 130 S. Ct. 1367, 1376, 176 L. Ed. 2d 158 (2010) ("Rule 60(b) … provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances") (internal quotation omitted); *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (such relief may be granted "under exceptional circumstances").

For the reasons stated above, the Commissioner's Motion to Dismiss (Dkt. No. 12) is **GRANTED** and the Complaint is **DISMISSED** for lack of subject matter jurisdiction.

SO ORDERED: 7/8/15

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution *via* first-class mail to:**

**Celia Jarvis**
**420 W. 5th Street**
**Anderson, Indiana 46016**

Copies to all counsel record via electronic notification

3